TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 94-806 |
| of | : | |
| | : | January 13, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| MAXINE P. CUTLER | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE STEPHEN SHANE STARK, COUNTY COUNSEL, COUNTY OF SANTA BARBARA, has requested an opinion on the following questions:

1.  May a county social services department refuse to grant general assistance benefits to applicants who have outstanding arrest warrants?

2.  May a county social services department furnish to the district attorney or other law enforcement personnel a list of general relief applicants for the purpose of determining if any applicant is the subject of an outstanding arrest warrant?

CONCLUSIONS

1.  A county social services department may not refuse to grant general assistance benefits to applicants who have outstanding arrest warrants.

2.  A county social services department may not furnish to the district attorney or other law enforcement personnel a list of general relief applicants for the purpose of determining if any applicant is the subject of an outstanding arrest warrant.

.                                                                                          94-806

ANALYSIS

The Legislature has enacted a comprehensive statutory scheme (Welf. & Inst. Code, §§ 17000-17805)[1] directing counties to provide aid and relief to their indigent residents. An indigent person is eligible to receive aid from the county where he or she is a resident (§ 17100), subject to certain property ownership restrictions (§§ 17107, 17111) and work requirements (§ 17200). The fundamental purpose of the legislation is to provide protection, care, and assistance to the needy and distressed people of the state. (§ 10000; *Mooney* v. *Pickett* (1971) 4 Cal.3d 669, 672.)[2]

Section 17000 specifically provides:

"Every county and every city and county shall relieve and support all incompetent, poor, indigent persons, and those incapacitated by age, disease, or accidence, lawfully resident therein, when such persons are not supported and relieved by their relatives or friends, by their own means, or by state hospital or other state or private institutions."

Accordingly a county is required to provide general assistance to its eligible residents, including allocations for housing, food, utilities, clothing, transportation, and medical care. (See generally *Whitfield* v. *Board of Supervisors* (1991) 227 Cal.App.3d 451, 457.)

However, the general standards of the aid allocations are left, within limits, to each county board of supervisors. Section 17001 provides:

"The board of supervisors of each county, or the agency authorized by county charter, shall adopt standards of aid and care for the indigent and dependent poor of the county or city and county."

As set forth in *Whitfield* v. *Board of Supervisors, supra*, 227 Cal.App.3d 451:

---

[1]All section references are to the Welfare and Institutions Code unless otherwise indicated.

[2]Section 10000 provides in full:

"The purpose of this division [§§ 10000-18999.1] is to provide for protection, care, and assistance to the people of the state in need thereof, and to promote the welfare and happiness of all of the people of the state by providing appropriate aid and services to all of its needy and distressed. It is the legislative intent that aid shall be administered and services provided promptly and humanely, with due regard for the preservation of family life, and without discrimination on account of race, national origin or ancestry, religion, sex, marital status, or political affiliation; and that aid shall be so administered and services so provided, to the extent not in conflict with federal law, as to encourage self-respect, self-reliance, and the desire to be a good citizen, useful to society."

"`Under section 17001 counties have "broad discretion to determine eligibility for, the type and amount of, and conditions to be attached to indigent relief."' (*Clay* v. *Tryk* (1986) 177 Cal.App.3d 119, 124, [fn. omitted] quoting *City and County of San Francisco* v. *Superior Court, supra,* 57 Cal.App.3d at p. 49.) However, there are clear-cut limits to this latitude in administering relief. The counties' discretion `"`can be exercised only within fixed boundaries. In administering General Assistance relief the county acts as an agent of the state. [Citation.] . . . [T]he agency's regulations must be consistent, not in conflict with the statute, and reasonably necessary to effectuate its purpose. [Gov. Code § 11374.]"" (*Robbins* v. *Superior Court* (1985) 38 Cal.3d 199, 211, quoting *Mooney* v. *Pickett, supra,* 4 Cal.3d at p. 679; *Guidotti* v. *County of Yolo, supra,* 214 Cal.App.3d at p. 1562.)" (*Id.,* at p. 456.)

1.      Denying Benefits

The first question presented for analysis is whether a county social services department may deny general assistance benefits to all applicants who are the subjects of outstanding arrest warrants. We conclude that a county may not deny general assistance benefits on such a basis.

We first note that sections 10000, 17000, and 17001 are to be interpreted in conjunction with section 11000, which provides: "The provisions of law relating to a public assistance program shall be fairly and equitably construed to effect the stated objects and purposes of the program." In *Whitfield* v. *Board of Supervisors, supra*, 227 Cal.App.3d 451, the court observed:

"County general assistance `is a program of last resort for indigent and disabled persons unable to qualify for other kinds of public benefits.' (*Boehm* v. *Superior Court* (1986) 178 Cal.App.3d 494, 499 (Boehm II).) `The program is unique because the responsibility for funding and administering it rests entirely upon individual county governments.'" (*Id.*, at p. 456.)

We are advised that one of the proposed purposes for denying benefits to persons with outstanding arrest warrants would be to reduce the financial burden placed upon the counties by the Legislature. The courts have uniformly held, however, that financial concerns are not a valid purpose for restricting eligibility. A county's duty to support its poor and indigent persons is mandatory. (*Mooney* v. *Pickett, supra,* 4 Cal.3d at 676.) A county's excuse that it cannot afford to support its indigent is unavailing. (*Whitfield* v. *Board of Supervisors*, *supra*, 227 Cal.App.3d at 456.) "Counties generally cannot escape their duty under section 17000 due to financial constraints . . . ." (*Nelson* v. *Board of Supervisors* (1987) 190 Cal.App.3d 25, 32.)

A second purpose of the county's proposed limitation would be to protect against welfare fraud, on the basis that an applicant who has an outstanding felony or misdemeanor warrant may be more likely to commit welfare fraud than an applicant who is not the subject of an arrest warrant. In *Whitfield* v. *Board of Supervisors, supra*, 190 Cal.App.3d 25, the court observed: "Preventing fraud is a legitimate county interest. However, regulations may be invalid if they are more restrictive than necessary and extend not only to claimants suspected of fraud but also to nonsuspect claimants." (*Id.*, at p. 31.) A county may not adopt regulations that arbitrarily exclude a class of

persons from eligibility for general assistance. (*Mooney* v. *Pickett*, *supra*, 4 Cal.3d 669 [general assistance cannot be denied on grounds of employability]; see also *Bernhardt* v. *Board of Supervisors* (1976) 58 Cal.App.3d 806 [ordinance purporting to apply special standards of eligibility for general assistance payments to 18, 19, and 20 year old residents of the county invalid.])

We believe that disallowing general assistance to indigent and poor residents of a county who have outstanding arrest warrants would not have a sufficiently narrow focus upon the legitimate governmental purpose of preventing fraud. Such a blanket denial would "extend not only to claimants suspected of fraud but also to nonsuspect claimants." A county's regulation prohibiting recipients of general assistance from having outstanding arrest warrants would be in conflict with its mandatory duty to provide support to its indigent residents.

In answer to the first question, therefore, we conclude that a county social services department may not deny general assistance benefits to all applicants who have outstanding arrest warrants.

2.      Furnishing Information

The second question presented for analysis is whether a county social services department may furnish to the district attorney or other law enforcement personnel a list of all general relief applicants for the purpose of determining if any applicant is the subject of an outstanding arrest warrant. We conclude that a list of applicants may not be furnished to a law enforcement agency for such purposes.

Sections 17006 and 17006.5 are the focus of this question. Section 17006 provides as follows:

> "The board of supervisors of every county as a board, or by committee or by such person or society as it may authorize, shall investigate every application for relief from the funds of the county, shall supervise by periodic visitation every person receiving such relief, shall devise ways and means for bringing persons unable to maintain themselves to self-support, and shall keep full and complete records of such investigation, supervision, relief, and rehabilitation as shall be prescribed by the department. Such records shall be confidential and shall not be open to examination or inspection, except by the grand jury of the county or by a board or officer of the state or the county charged with the supervision or direction of such relief or with the control or expenditure of funds applicable to such relief. Any citizen shall be entitled to demand and receive from the board, officer, committee, person, or society having custody of such records a statement of the amount, character, and value of the relief received by any person."

Section 17006.5 states in relevant part:

> "(a) Notwithstanding the provisions of Section 17006, the board, officer, committee, person, or society having custody of the records cited in Section 17006 may disclose to any law enforcement agency:

"(1) The names, address, birthdate, social security number, and physical description, of any person receiving relief, if a warrant has been issued for the arrest of the person for the commission of a felony.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) This section shall not be construed to authorize the release of a general list identifying individuals applying for or receiving public relief."

Section 17006.5 provides that confidential information *may* be disclosed to any law enforcement agency *if* a felony arrest warrant has been issued for a person receiving relief. However, the statute plainly states that general lists identifying individuals applying for or receiving public relief *shall* not be so released. The Legislature's intent is clear and unambiguous, and provides no basis for a subsequent interpretation which would allow a list of all general relief applicants to be given to a law enforcement agency for the purpose of determining if any applicant has an outstanding warrant for his or her arrest.

"In construing a statute a court's objective is to ascertain and effectuate the underlying legislative intent." (*Moore* v. *California State Board of Accountancy* (1992) 2 Cal.4th 999, 1012.) We first examine the words of the statute themselves, attributing to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence thereof. "[A] construction making some words surplusage is to be avoided." (*Moyer* v. *Workmen's Comp. Appeals Board* (1973) 10 Cal.3d 222, 230.) Where the language of a statute is clear and unambiguous, there is no need for construction, nor need to resort to indicia of legislative intent. (*Delany* v. *Superior Court* (1990) 50 Cal.3d 785, 798.)

It has been suggested that applicants for general relief could be required to waive the confidentiality of their identities and criminal histories as a condition of processing their applications. Alternatively it has been suggested that a county department of social services could designate the district attorney's office as its agent to investigate the eligibility of all applicants. It is contended that in either case the district attorney's office could receive the department's list of applicants for general assistance. We disagree.

To be eligible for assistance, an applicant must meet the residency and property ownership qualifications. (§§ 17100, 17107, 17111, 17200.) Requiring an applicant to waive the statutory confidentiality provisions would add an additional eligibility requirement not specified by the Legislature. A mandatory waiver of the statutory protection would also render the language of section 17006.5 virtually devoid of meaning. As the agency of the state, each county is to administer the program in a matter that furthers the statutory provisions, not circumvents them. (See *Whitfield* v. *Board of Supervisors, supra,* 227 Cal.App.3d at 456.)

Designating a law enforcement agency as an investigating unit of a county department of social services in order to allow the former to receive the department's list of benefit applicants would be in conflict with section 17006.5, subdivision (b), which prohibits the release of a general list

.                                                                                                      94-806

of applicants to a law enforcement agency.  Such disregard of the statutory language would thus be invalid.  (See *People* v. *McGee*, *supra*, 19 Cal.3d at 959.)

We recognize that several confidentiality statutes have been enacted with respect to public social services for which grants-in-aid are given by the federal government.  Section 10850, subdivision (b) provides:

"Except as otherwise provided in this section, no person shall publish or disclose or permit or cause to be published or disclosed any list of persons receiving public social services.  Any county welfare department in this state may release lists of applicants for, or recipients of, public social services, to any other county welfare department or the State Department of Social Services, and such lists or any other records shall be released when requested by any county welfare department or the State Department of Social Services.  Such lists or other records shall only be used for purposes directly connected with the administration of public social services.  Except for such purposes, no person shall publish, disclose, or use or permit or cause to be published, disclosed, or used any confidential information pertaining to an applicant or recipient."

Section 10850.2 provides in relevant part:

"Notwithstanding the provisions of Section 10850, factual information relation to eligibility provided solely by the public assistance recipient contained in applications and records made or kept by any public officer or agency in connection with the administration of any public assistance program shall be open for inspection by the recipient to which the information relates and by any other person authorized in writing by such recipient."

Section 10850.3 provides:

"(a) Notwithstanding the provisions of Section 10850, an authorized employee of a county welfare department may disclose confidential information concerning a public social service applicant or recipient to any law enforcement agency where a warrant has been issued for the arrest of the applicant or recipient for the commission of a felony.  Information that may be released pursuant to this section shall be limited to the name, address, telephone number, birthdate, social security number, and physical description, of the applicant for, or recipient of, public social services."

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c)  This section shall not be construed to authorize the release of a general list identifying individuals for or receiving public social services."

Under these specific federal programs, disclosure of confidential information is generally permissible when it is for a purpose directly connected with the administration of the welfare programs in question.

.                                                                                    94-806

(§ 10850; *Haskins* v. *San Diego County Dept. of Public Welfare* (1980) 100 Cal.App.3d 961, 970.) Section 10850.2 provides for a waiver of confidentiality by the service recipient. Section 10850.3, however, authorizes the disclosure of confidential information to a law enforcement agency only where "a warrant has been issued for the arrest of the person for the commission of a felony." It also prohibits the release of a general list identifying individuals for or receiving public social services.

Sections 10850 and 10850.2 do not apply to a county's general assistance program, which "is administered by the County Welfare Department and is financed solely by county funds, pursuant to a duty to support indigents created by the California Welfare and Institutions Code § 17000." (*Adkins* v. *Leach, supra*, 17 Cal.App.3d at 774, fn. 1; see also *Lucido* v. *Rippeto* (1977) 73 Cal.App.3d 1, 7-8.) Sections 17000-17805 do not contain comparable provisions allowing confidential information to be released for purposes directly connected with the administration of county general aid programs or for a waiver of confidentiality (see *Peralta Community College Dist.* v. *Fair Employment & Housing Com.* (1990) 52 Cal.3d 40, 50 ["the Legislature in related and otherwise similar statutes has expressly provided for the remedy in question and thus has demonstrated the ability, had it wished, to do so in" the statute under consideration]), but do clearly prohibit the release of a general list identifying individuals applying for or receiving relief.

In answer to the second question, therefore, we conclude that a county social services department may not furnish to the district attorney or other law enforcement personnel a list of general relief applicants for the purpose of determining if any applicant is the subject of an outstanding arrest warrant.

\* \* \* \* \*